[997 NYS2d 628]

In the Matter of ARTHUR W. TIFFORD, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 31, 2014

#### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

#### OPINION OF THE COURT

Per Curiam.

The Supreme Court of Florida, in an order dated June 2,

2014, granted the respondent's uncontested petition for disciplinary revocation, without leave to seek readmission. Disciplinary revocation is tantamount to disbarment (*see Florida Bar v Hale*, 762 So 2d 515 [Fla Sup Ct 2014]).

The respondent was admitted to the Florida Bar in 1967.

The order of the Supreme Court of Florida was predicated on the respondent's "Petition for Disciplinary Revocation Without Leave to Reapply For Readmission." In that petition, which was unopposed, the respondent acknowledged, inter alia, that there were disciplinary charges pending against him (Florida Bar file No. 2013-70,733[11F]), which involved allegations of trust account shortages. He further acknowledged that the petition was filed knowingly and voluntarily, and that he would immediately cease making any transactions involving trust funds and would not accept new clients.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) within 20 days.

In response to the Grievance Committee's notice, the respondent has filed a verified statement, but he has not asserted any defenses, nor has he demanded a hearing. The respondent accepts the determination of the Supreme Court of Florida and consents to the imposition of reciprocal discipline, asking only that this Court take note of, inter alia, his service in the U.S. Marine Corps and as an Assistant United States Attorney in the Southern District of Florida, and pointing out that he admitted no wrongdoing in his Florida petition. The respondent accepts responsibility for his actions and apologizes to the Court.

Since the respondent has not asserted any defenses, or requested a hearing, there is no impediment to the imposition of reciprocal discipline (*see* 22 NYCRR 691.3 [d]).

In view of the discipline imposed by the Supreme Court of Florida, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in New York.

Eng, P.J., Mastro, Rivera, Skelos and Roman, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Arthur W. Tifford, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Arthur W. Tifford, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Arthur W. Tifford, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Arthur W. Tifford, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).